**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD STARNES, MELANIE ALLEY, AND ANGEL SKINNER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-484** |
| | : | |
| **AMAZON.COM, INC. AND AMAZON LOGISTICS, INC.** | : | |

## ORDER

**AND NOW**, this 29th day of March 2023, upon reviewing the Motion to approve a Fair Labor Standards Act settlement and award of attorneys' fees and lead plaintiff award (ECF Doc. No. 10), and concerned with the substantial amount of requested attorney fees without a lodestar check[1] or without finding evidence allowing a lead plaintiff award[2] and further noting Plaintiffs' recognition of our need to review the lodestar but raising potential concerns mindful we cannot restrict access to any part of judicial documents inconsistent with our Court of Appeals' mandate in *In re Avandia Marketing*[3] and guided by Chief Judge Connolly's analysis incorporating in large part Special Master Smolla's reasoning in *In re Storag Etzel GmbH*[4], it is **ORDERED** Plaintiff is granted leave to file, on or before **April 11, 2023,** a supplemental Affidavit with attached billing records for efforts performed solely in this matter for the Plaintiffs to allow us to perform a lodestar check as well as proof of the efforts provided by the Plaintiffs warranting a lead plaintiff award and possibly schedule an evidentiary hearing.

_____
**KEARNEY, J.**

---

[1] We generally apply the percentage-of-recovery method when assessing the reasonableness of an attorney's fee award in a Fair Labor Standards Act collective action. *See, e.g.*, *Alvarez v. BI Inc.*, 2020 WL 1694294, at *7 (E.D. Pa. Apr. 6, 2020); *Mabry v. Hildebrandt*, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015). But the percentage-of-recovery method is not perfect, so our Court of

Appeals recommends we "use the lodestar method to cross-check the reasonableness of a percentage-of-recovery fee award." *In re AT & T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). The lodestar cross-check is not determinative, and our Court of Appeals permits us to "adjust the award upward or downward to reflect the particular circumstances of a given case." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d Cir. 2000).

We use the lodestar method to cross-check the percentage-of-recovery method for reasonableness. *See, e.g., Alvarez v. BI Inc.*, 2020 WL 1694294, at *8 (E.D. Pa. Apr. 6, 2020); *Caddick v. Tasty Baking Co.*, 2021 WL 4989587, at *9 (E.D. Pa. Oct. 27, 2021); *Keller v. TD Bank*, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014); *accord Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 506–507 (M.D.N.C. 2018). We are only aware of a single Fair Labor Standards Act collective action within our District rejecting a lodestar cross-check. *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 766 (E.D. Pa. 2016). But, in *Altnor*, Judge Robreno still calculated the lodestar cross-check before determining whether the cross-check is useful to determining the reasonableness of the percentage-of-recovery fee award. *Id.* A lodestar multiplier between one and four is typically reasonable in common fund cases. *See Keller*, 2014 WL 5591033, at *16. We follow our Court of Appeals' recommendation and will apply the lodestar method as a cross-check before considering whether to vary upward or downward from the lodestar method. We need to review the bills for reasonableness. We need to review these records filed in a public courthouse mindful of the public's right to access.

[2] The United States Court of Appeals for the Second Circuit earlier this month questioned the validity of service awards under Supreme Court precedent, citing an 1881 decision of the Supreme Court. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, --- F.4th ---, 2023 WL 2506455 (2d Cir. Mar. 15, 2023) (citing *Trustees v. Greenough*, 105 U.S. 527, 537 (1881)). The court of appeals addressed arguments raised by the appellants, objectors to class certification, approval of settlement, and service awards. *Fikes Wholesale, Inc.*, 2023 WL 2506455 at * 8–*9. The objectors argued the Supreme Court's *Greenough* case and a recent decision of the United States Court of Appeals for the Eleventh Circuit, *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), prohibit service awards. In *Greenough*, the Court held it is "decidedly objectionable" for a cash payment to be "made for the personal services and private expenses" of a creditor who sued on behalf of himself and other similarly situated bondholder. *Fikes Wholesale*, at *8. Although the Supreme Court decided *Greenough* well before Congress amended the Rule of Civil Procedure by adding Rule 23, the Court of Appeals for the Second Circuit indicated it believed service awards are not permissible but concluded "practice and usage seem to have superseded" the Supreme Court's decision in *Greenough* and followed earlier Second Circuit precedent allowing service awards. *Id.* at *9. The court allowed a service award but directed the district court to reduce the award based on the facts of the case. *Id.* at *9–*10.

[3] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

[4] No. 19-mc-209-CFC, 2020 WL 2915781 (D. Del. June 3, 2020) *adopting except for the First Amendment analysis,* 2020 WL 2949742 (D. Del. Mar. 25, 2020).