IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD STARNES, MELANIE ALLEY, ANGEL SKINNER** : | **CIVIL ACTION** |
| v. : | **NO. 23-484** |
| **AMAZON.COM, INC., AMAZON LOGISTICS, INC.** : | |

## ORDER

**AND NOW**, this 31st day of May 2023, upon considering Plaintiffs' Renewed Motion for approval of Fair Labor Standards Act Collective Action Settlement Agreement and Addendum (ECF Doc. No. 30), considering our May 8, 2023 Order and accompanying Memorandum (ECF Doc. Nos. 26, 27) finding the parties' proposed Settlement represented a fair and reasonable settlement of a *bona fide* dispute between the parties under the Fair Labor Standards Act including payment of reasonable attorney fees to Plaintiffs' counsel with necessary and limited costs and the Settlement otherwise furthers the Act's implementation in the workplace except as to the amount of the service award and an overbroad release, now reviewing the Addendum to the Settlement Agreement through which the parties agreed to reduce the service award to $6,000 for each named Plaintiff and deleted the overbroad release provision (ECF Doc. No. 30-2), and finding the Parties' Settlement Agreement and Addendum to the Settlement Agreement is fair, reasonable, and adequate, and represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act. it is **ORDERED** the Renewed Motion (ECF Doc. No. 30) is **GRANTED**:

1. We conditionally certify a Fair Labor Standards Act collective for settlement purposes under 29 U.S.C. § 216(b) as: All current and former Delivery Associates who were paid by DeliverOL Global Inc. to deliver packages to customers of Amazon.com in the United States

at any time between November 1, 2016 through August 1, 2019, or who were paid by Postalmile Inc. to deliver packages to customers of Amazon.com in the United States at any time between October 11, 2017 and August 28, 2020;

2. The total settlement amount of $3,025,000.00 with (i) $6,000.00 paid to each of the three named Plaintiffs for their efforts in bringing and prosecuting this matter; (ii) Plaintiffs' counsel's attorneys' fees not to exceed one-third of the total settlement amount ($1,008,333.33), plus out-of-pocket costs not to exceed $25,000.00; (iii) $5,000 paid into a Reserve Fund; and (iv) the balance (the "Net Settlement Amount") shall be distributed to the Settlement Collective Members with each Settlement Collective Member receiving a minimum payment of $50.00, plus their *pro rata* portion of the Net Settlement Amount for each workweek when the individual worked four or more days is fair and reasonable under the factors defined by our Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975);

3. The payment of attorneys' fees not to exceed $1,008,333.33 (one-third of the total settlement amount), and the payment of costs not to exceed $25,000.00 is fair and reasonable following our review of counsels' sworn statements and under the factors defined by our Court of Appeals in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000);

5. The case is **dismissed** under Local Rule 41.1 based on the specific promises in the settlement agreement as we expect the employer to timely honor its obligations; and,

6. The Clerk of Court shall **close** this case.

KEARNEY, J.